FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 FEB 11 AM 11:31

U.S. DISTRICT COURT
N.D. OF ALABAMA

LINDA TIMS,                       )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )   CV 96-L-1310-S
                                  )
BELLSOUTH CORPORATION;            )
BELLSOUTH                         )
TELECOMMUNICATIONS, INC.;         )
BELLSOUTH SHORT TERM              )
DISABILITY PLAN;                  )
BELLSOUTH PENSION PLAN,           )
                                  )
        Defendants.               )

ENTERED
FEB 11 1997

### FINDINGS OF FACT
### AND
### CONCLUSIONS OF LAW

This cause came on for trial before this court, without the intervention of a jury, on February 4, 1997, upon the pleadings, the order of pretrial conference, the evidence and exhibits, and the arguments of counsel. While the full text of the BellSouth Benefit Plan does not appear in evidence, the parties insist, and the court agrees, that the relevant and critical provisions appear in the Summary Plan Description ("SPD") to the plan at issue. The court enters the following findings of fact and conclusions of law:

## Findings of Fact

1. Plaintiff was employed by BellSouth Telecommunications, Inc. for more than fifteen years. As an employee, she was a participant in the BellSouth Short-Term Disability Plan.

2. In 1991, plaintiff was injured when she fell while she was at work. Over the next four years she required extensive rehabilitation therapy that caused plaintiff to miss time from her job on multiple occasions.

3. On April 27, 1994, plaintiff's doctor, Dr. Regina Gilliland, wrote to Gary Patterson at BellSouth and informed him of certain limitations that would be required if plaintiff were to return to work. Among these were limitations on climbing stairs, on typing posture, on lifting, on wearing headsets, and on standing and sitting. BellSouth agreed to these restrictions.

4. Expecting that these restrictions would be implemented, plaintiff returned to work on May 31, 1994. However, her work environment was not as she had been led to expect it would be, and thus she did not go back after that day.

5. Plaintiff made an application for short-term disability benefits, which was denied. Plaintiff has exhausted all available procedures for administrative review of this denial.

6. The SPD provides that BellSouth's Employees Benefit Committee has the responsibility of granting or denying claims for benefits under the plan. SPD at 6.

7. The SPD provides that a participant is eligible to

receive short-term disability benefits if the participant has six months of net credited service and is "unable to perform any type of work as a result of a physical or mental illness or an accidental injury. Any type of work includes [the participant's] regular job with or without accommodations, any other company job (regardless of availability) with or without accommodations, or temporary modified duties." SPD at 1.

8. The Short-Term Disability Plan provides for fifty-two weeks of disability benefits. For twenty-six weeks of this period, plaintiff would receive full pay, with the remaining twenty-six weeks at half-pay. SPD at 1-2.

9. A participant is eligible for a disability pension if the person has at least fifteen years of service, has been receiving short-term disability benefits for fifty-two weeks, and is totally disabled from all work. SPD at 8.

### Conclusions of Law

1. This court has jurisdiction of this action and of the parties thereto.

2. The BellSouth Short-Term Disability Plan is an employee welfare benefit plan maintained by BellSouth for the purpose of providing the participants with disability benefits. 29 U.S.C. § 1002(1). This employee welfare benefit plan is also an employee benefit plan, 29 U.S.C. § 1002(3), and as such it is subject to the provisions found in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

3. The denial of benefits at issue in this matter will not be overturned unless it is found to have been made in an arbitrary or capricious manner. See Firestone Tire and Rubber Company v. Bruch, 489 U.S. 101, 115 (1989).

4. Plaintiff is not eligible to receive short-term disability benefits. Plaintiff was able to perform a BellSouth job with accommodations, and thus she was not "unable to perform any type of work." See SPD at 1. Eligibility for benefits is not affected by whether such a job is actually available. See SPD at 1. Thus plaintiff is not eligible to receive short-term disability benefits, even though no job that she could perform was made available to her.

5. Because plaintiff was not eligible to receive short-term disability benefits, she was not eligible to receive a disability pension. See SPD at 8.

6. The denial of benefits to plaintiff was not made in an arbitrary or capricious manner. See Firestone, 489 U.S. at 115. Furthermore, even if the denial were to be reviewed under a de novo standard of review, it would not be overturned as it is clear that plaintiff fails to meet the plan's requirements for the receipt of disability benefits.

DONE this 11th day of February 1997.

*[signature]*
SENIOR JUDGE